Keenan D. WHITE, Sr., Plaintiff–
Appellant,

v.

Mike MULLINS; Marty Sirmons, War-
den; Kameron Harvonek, Deputy
Warden; Rick Caywood, Chief; John
Klink; Curtis Hood, Major; Daryl
Wilson, Defendants–Appellees.

No. 11–7030.

United States Court of Appeals,
Tenth Circuit.

May 18, 2012.

Janet Diane Roloff, Roloff & Duggan
Law Group PLLC, Edmond, OK, for
Plaintiff–Appellant.

Margie Weaver, Office Of The Attorney
General for the State of Oklahoma, Okla-
homa City, OK, for Defendant–Appellee.

Before TYMKOVICH, BALDOCK, and
GORSUCH, Circuit Judges.

## ORDER AND JUDGMENT*

NEIL M. GORSUCH, Circuit Judge.

Keenan White, an Oklahoma state pris-
oner, brought this lawsuit against various
prison officials under 42 U.S.C. § 1983.
In it, he alleged that prison officials facili-
tated an attack on him by another prisoner
and unreasonably delayed medical treat-
ment. At summary judgment, the defen-
dants argued (among other things) that
Mr. White had failed to exhaust his admin-
istrative remedies. The motion was sup-
ported by a prison manager's affidavit

stating that, while the prison had records
of multiple complaints by Mr. White, those
same records showed he had failed to ex-
haust any of them through grievance pro-
cesses available to him. In response, Mr.
White submitted his own affidavit claiming
that "copies of [his] grievance documents
were removed from [his] possession."
Finding Mr. White's affidavit conclusory,
the district court granted summary judg-
ment to the defendants, reasoning that
there was no genuine issue of fact about
Mr. White's failure to exhaust his adminis-
trative remedies. *See* 42 U.S.C.
§ 1997e(a). It is that ruling Mr. White,
represented by counsel, now appeals.

We agree with the district court that
Mr. White's affidavit is conclusory and
fails to raise a genuine issue of fact. Mr.
White's affidavit says that copies of certain
unspecified filings were taken from him.
But it doesn't say that prison guards took
away materials he was intending to file,
thus precluding him from exhausting his
claims. Neither does it provide any facts
suggesting that prison officials engaged in
a conspiracy to destroy documents they
received from him that might show he fully
exhausted the grievance process. If any-
thing, the only evidence in the record is to
the contrary: the prison manager's affida-
vit details multiple grievance documents
from Mr. White and explains that he failed
to pursue any of them to completion. Be-
yond its conclusory assertions, then, the
facts in Mr. White's affidavit suggest at
most only that copies of what he did file
were taken from him, not that what he
filed was sufficient to exhaust his adminis-
trative remedies. The district court was

---

* After examining the briefs and appellate rec-
ord, this panel has determined unanimously
to grant the parties' request for a decision on
the briefs without oral argument. *See* Fed.
R.App. P. 34(f); 10th Cir. R. 34.1(G). The
case is therefore ordered submitted without
oral argument. This order and judgment is
not binding precedent, except under the doc-
trines of law of the case, res judicata, and
collateral estoppel. It may be cited, however,
for its persuasive value consistent with Fed.
R.App. P. 32.1 and 10th Cir. R. 32.1.

correct that a reasonable factfinder could not find otherwise and that Mr. White's assertion of exhaustion is just that, an assertion unsupported by facts or even any allegations of fact. *See Hall v. Bellmon*, 935 F.2d 1106, 1111 (10th Cir.1991) ("conclusory and self-serving affidavits are not sufficient" to overcome summary judgment).

Because we agree with the district court's assessment on this score, it is unnecessary for us to address the defendants' alternative argument that genuine issues of fact regarding exhaustion of administrative remedies may be resolved by the court rather than being left to the trier of fact.